UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DARELL ROSHE DAVISON,

        Plaintiff,

    v.                                              Case No. 14-C-20

RACINE COUNTY JAIL, et al.,

        Defendants.

## DECISION AND ORDER

The plaintiff, who is incarcerated at Racine County Jail, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on the plaintiff's petition to proceed *in forma pauperis*.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated

as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1950. Legal conclusions must be supported by factual allegations. *Id*. If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*.

2

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Here, Plaintiff alleges that he experienced significant pain after biting into an oatmeal cookie. He refused to go back into his cell until he was allowed to see the nurse, but jail staff had other ideas and told him to get back in his cell and fill out a medical request slip. He received punishment in the form of the removal of his mattress for twelve hours during the day. He alleges that he did not see the nurse until the following day. He also complains that his meals are served cold.

Cold meals and the absence of a mattress for twelve hours (during the day) do not give rise to a violation of the Fourteenth or Eighth Amendment. Prisoners have a right to a nutritionally adequate diet, see *Antonelli v. Sheahan,* 81 F.3d 1422, 1432 (7th Cir.1996), but not to food that is tasty or even appetizing, *see Lunsford v. Bennett,* 17 F.3d 1574, 1578 (7th Cir. 1994) (complaint about having to eat "cold and poorly-prepared food" did not state Eighth Amendment claim). As for the mattress, a short-term deprivation is less serious than a long-term one. Sleeping for three days on a bedframe without a mattress is not considered extreme, *see Johnson v. Pelker,* 891 F.2d

3

136, 138-39 (7th Cir.1989); *Stephens v. Cottey,* 145 Fed. Appx. 179, 181, 2005 WL 1971700, *1 (7th Cir. 2005). Thus, the absence of a mattress for a day does not give rise to a claim either.

Plaintiff comes closest to stating the bare minimum of a claim inasmuch as he alleges he was in terrible pain that was ignored by jail staff. In some circumstances, requiring an inmate to fill out the proper paperwork before visiting a nurse is perfectly fine, but if the circumstances are dire it is incumbent on jail staff to accommodate an obvious medical need, either by taking the inmate to in-house treatment or to the hospital. Here, I conclude that Plaintiff has essentially pled too much (or too little) to state a claim under the Fourteenth Amendment. (I note that the Plaintiff cites only state law rather than any constitutional provisions, but I will construe the complaint liberally.) Although it is certainly conceivable in the abstract that a single evening or day of tooth pain (he alleges he slept it off when he received his mattress back) could give rise to a constitutional violation, Plaintiff's complaint is simply that the guards refused to let him see the nurse to get some over-the-counter Advil. The kind of pain that would materially benefit from an OTC pain reliever like Advil (ibuprofen) is generally not so significant that the need to dispense the drug *immediately* would be obvious. Moreover, a request for Advil is much different than a request to be taken to the hospital or for narcotic painkillers because it suggests that the pain is minor rather than crippling. *Cooper v. Casey,* 97 F.3d 914, 917 (7th Cir. 1996) (noting that "for minor pain nonprescription painkillers are adequate.") There are cases in which a prison's denial of OTC painkillers on a long-term basis gave rise to a claim, for example, if the drugs had been part of a regime prescribed by doctors. *See, e.g., Thomas v. Clay,* 2010 WL 2136663 (N.D. Ill., May 25, 2010). But here all we have is an inmate's immediate demand for Advil after biting into a cookie, a sharp contrast with cases like *Cooper* in which the inmates' pain, while subjective, was caused by the guards' own beating and

4

use of mace on the inmates. 97 F.3d at 917-18 (noting that since the guards themselves caused the pain, they should have known the inmates' subjective complaints of pain were legitimate).

We must remember that the Plaintiff was in jail at the time. By his own account he was being noncompliant with guards by demanding to see a nurse rather than return to his cell. He does not allege his tooth was bleeding or in any kind of distress that would have been clear to the jail staff. Thus, from the guards' perspective, they faced an inmate who was being difficult and who was alleging the subjective (and thus invisible) experience of tooth pain after biting into a cookie. Assuming it were even possible, it certainly would have been reasonable for the guards to have found the nurse and tried to provide medication. But that does not mean it was deliberate indifference to act otherwise, particularly given that Plaintiff was only demanding Advil and that Plaintiff was seen for treatment the next day.

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* be and hereby is **GRANTED**, meaning that the filing fee may be paid over time.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee or the county sheriff shall collect from the plaintiff's prison trust account the balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that the case is **DISMISSED** for failure to state a claim. The dismissal is without prejudice, however. If the plaintiff can cure the defects described above,

5

he may file an amended complaint within the next 45 days.  After that time, the dismissal is with prejudice.

Dated at Green Bay, Wisconsin, this 25th day of February, 2014.

  s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court